

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Sam B. Hall
County Attorney
Harrison County
Marshall, Texas

Attention: Hon. Robert M. Sikes,
First Assistant

Dear Sir:

Opinion No. 0-6677
Re: Whether the County Commissioners' Court of Harrison County has the authority to increase the salary of the County Treasurer for the remainder of 1945.

We have received your request for our opinion on the hereinabove captioned matter, and we quote from your letter as follows:

"Does the County Commissioners' Court of Harrison County have the authority to increase the salary of the County Treasurer of Harrison County, for the remainder of the year 1945?"

Also it is our understanding that you think that Attorney General's Opinions Nos. 0-6646 and 0-6580 are in conflict.

We quote the concluding paragraph of Opinion No. 0-6580 (approved May 24, 1945) which provides as follows:

"However, we wish to point out that where the annual salaries of county officials operating under the Officers' Salary Law have been set, same may not be increased or decreased during the year but may be increased or decreased the following year within the limitations prescribed by law. See Opinions Nos. 0-1595 and 0-4226 of this Department, copies of which are enclosed herewith for your information."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Sam B. Hall,    page 2

In our Opinion No. 0-6575 (approved May 18, 1945) we held as follows:

> "Gregg County has a population of 58,027 inhabitants according to the 1940 Federal Census, and the last assessed tax valuation is more than $103,000,000.00. Section 13 of Article 3912e is applicable to Gregg County and the annual compensation of each official mentioned in said Section 13 authorized under the law for the fiscal year of 1944 exceeds the sum of $3600.00 per annum. Therefore, Senate Bill No. 123 has no application regarding the compensation of the county officials of Gregg County who are named in said Section 13 of Article 3912e. The county treasurer is mentioned in said Section 13, and the law authorized a maximum compensation of more than $3600.00 for the county treasurer for the fiscal year of 1944. This being true, said S. B. No. 123 is not applicable to the county treasurer of Gregg County."

A careful study of our Opinion No. 0-6580 of May 24, 1945, reveals that the County Auditor of Gregg County made no inquiry concerning the provisions of Senate Bill No. 123 in that request, and said bill was not considered by the writer of the opinion, inasmuch as in a prior opinion (No. 0-6575) dated May 18, 1945, the County Auditor of Gregg County had been advised that "Senate Bill No. 123 has no application regarding the compensation of the county officials of Gregg County who are named in said Section 13 of Article 3912e."

Although the principles of law as announced in our Opinion No. 0-6580 are sound, there was no statute or constitutional provision prohibiting the 49th Legislature from amending Section 13 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, by adding thereto the following:

> "Sec. 2. That Section 13 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

> "'(e) The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount

Hon. Sam B. Hall, page 3

not to exceed twenty-five (25%) per cent of the sum
allowed under the law for the fiscal year of 1944,
provided the total compensation authorized under the
law for the fiscal year of 1944 did not exceed the
sum of Thirty-six Hundred ($3600.00) Dollars.'"

Section 3 of the above Act does not repeal Section 13
of Article 3912e, Revised Civil Statutes of Texas, 1925, as
amended, but merely amends Section 13 by adding thereto the
above quoted provisions.

Senate Bill No. 123 was enacted as an emergency measure,
and only by a strict compliance with the terms thereof can the
salaries of officials of counties affected thereby be increased
for the remainder of 1945. In otherwords, a county (such as
Gregg County) that comes within the provisions of the Officers'
Salary Law, (and not subject to Senate Bill No. 123) cannot
grant its county officials salary increases for the remainder
of this year. (see Opinion No. 0-6580), but a county (such as
Galveston County) that comes within the provisions of Senate
Bill No. 123 may grant its county officials salary increases
for the remainder of 1945. (See Opinion No. 0-6646).

The compensation of the county treasurer of Harrison
County is controlled by Section 13 of Article 3912e. Under
Section 13 of Article 3912e the county treasurer is allowed a
compensation of "not less than the total sum earned as com-
pensation by him in his official capacity for the fiscal year
1935, and not more than the maximum amount allowed such officer
under the laws existing on August 24, 1935." As Harrison County
had a population of 48,937 according to the 1930 Federal Census
and had an assessed valuation of $17,562,140 in 1944, the maxi-
mum compensation the county treasurer could have retained for
1944 was the sum of $2,000.00 (Article 3943). Therefore, our
Opinion No. 0-6646 is applicable to Harrison County, and we
are herewith enclosing a copy of the same.

In view of the foregoing it is our opinion that the Com-
missioners' Court of Harrison County has the authority to in-
crease the salary of the county treasurer for the remainder of
1945, subject to the provisions of Senate Bill No. 123.

In connection with the foregoing we call your attention
to Opinion No. 0-6576 wherein it states as follows:

Hon. Sam B. Hall,   page 4

". . . Any increase of salary for the year 1945 must be in the proportion as the balance of the year relates to the total annual increase that may be made under said Act.  In other words, if . . . . the increase in compensation is allowed as of June 1st, then the increase for 1945 would be 7/12ths. . . . The compensation for the months passed cannot be increased.

"In connection with the foregoing we direct your attention to Art. 689a-11, V. A. C. S., which is in part as follows:

"'When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendments to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted.'"

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 3 1945  By

J. C. Davis, Jr.

JCD:LJ
encl.

(Acting) ATTORNEY GENERAL OF TEXAS

J. C. Davis, Jr.
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN